UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CYNTHIA MOELLER,

    Plaintiff,

vs.                                           CASE NO. 5:10-cv-457-Oc-34-TEM

GUARDIAN LIFE INSURANCE COMPANY
OF AMERICA,

    Defendant.
_____

**O R D E R**

    This case is before the Court on Plaintiff's ... Motion to Stay Ruling on Defendant's Motion for Summary Judgment to Permit Discovery (Doc. #18, Motion to Stay). Plaintiff requests the Court deny Defendant's Motion for Summary Judgment as premature, or alternatively stay ruling on Defendant's Motion for Summary Judgment "to permit Plaintiff the opportunity to conduct pertinent discovery under ERISA and present a sufficient record for the Cour to appropriately evaluate Defendant's benefit denial" (Doc. #18 at 5). Defendant states it "is not opposed to a stay of the Court's disposition of the summary judgment motion in order to allow Plaintiff to take discovery in accordance with applicable case law requiring discovery in ERISA actions to be 'limited in scope' and 'narrowly tailored' to address the effect (if any) of the claim administrator's structural conflict of interest on the benefits decision at issue." (Doc. #23 at 1; internal citations omitted.)

    Although the Eleventh Circuit has not specifically stated whether discovery should be allowed in ERISA cases, it has indicated that some discovery may be appropriate. For instance, in *Capone v. Aetna Life Ins. Co.*, 592 F.3d 1189, 1196 (11th Cir. 2010), the Court

noted that the scope of discovery the district court had ordered was not limited to the administrative record, apparently allowing additional discovery with respect to "how the fiduciary [or claim administrator] reached its decision" or "whether [the claim] administrator fulfilled his or her fiduciary duties." The Eleventh Circuit noted that this "expansive discovery falls in line with a *de novo* review." As noted in *Blankenship v. Metropolitan Life Ins. Co.*, 686 F. Supp. 2d 1227, 1233 (N.D. Ala. 2010), there would [likely] be no realistic way for [a] plaintiff. . . to 'provide' to any court 'evidence' of a conflict without obtaining and relying upon extrinsic evidence, evidence beyond the cold administrative record." The *Blankenship* court added:

> There are a growing number of cases that recognize limited discovery to bring to light evidence not in the administrative record, such as procedural defects, special or repeated relationships between experts and administrators, the amount of compensation paid to employed consultants, statistical records reflecting the percentages of claims granted and denied, etc. Such evidence could be very helpful to a court charged with the great responsibility imposed upon it by *Glenn* [*i.e.,* to weigh the conflict of interest as a factor in determining the ultimate adequacy of the record's support of the agency's own factual conclusion].

*Id.* at 1233-34 (citing a multitude of nationwide post-*Glenn* decisions).

In this case, the Court agrees some limited discovery is appropriate and warranted before Plaintiff provides a complete and substantive response to Defendant's Motion for Summary Judgment.[1] Accordingly, it is hereby **ORDERED:**

    1.    Plaintiff's Motion to Stay (Doc. #18) is **GRANTED to the extent** Plaintiff may pursue discovery from Defendant that is narrowly tailored in accord with the rulings in

---

[1] The Court notes Plaintiff's Motion to Stay Ruling (Doc. #18) included a brief response to Defendant's Motion for Summary Judgment.

2

*Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008) and *Capone v. Aetna Life Ins. Co.*, 592 F.3d 1189 (11th Cir. 2010).

2. Plaintiff should propound discovery requests upon Defendant forthwith. Plaintiff is given leave to propound limited discovery requests through **June 10, 2011**. Plaintiff's discovery requests shall conform to the limits set forth in the Federal Rules of Civil Procedure and the case law cited in paragraph number one (1) above. Defendant's responses to the sought discovery shall be provided not later than the close of business on **June 30, 2011**.

3. Plaintiff shall file a complete and substantive response to Defendant's pending Motion for Summary Judgment by the close of business on **July 18, 2011**.

**DONE AND ORDERED** at Jacksonville, Florida this 23rd day of May, 2011.

Copies to all counsel of record

THOMAS E. MORRIS
United States Magistrate Judge